1

```
 1  UNITED STATES DISTRICT COURT.

 2  EASTERN DISTRICT OF NEW YORK

 3  - - - - - - - - - - - - - - - X

 4  UNITED STATES OF AMERICA,   :
                                        CR 03-929/05-060
 5
             -against-              United States Courthouse
 6
                                :   Brooklyn, New York
 7
    VINCENT BASCIANO
 8  MICHAEL MANCUSO
    ANTHONY INDELICATO
 9  ANTHONY DONATO
    ANTHONY AIELLO
10  VINCENZO MASI

11          Defendants.
                                :   April 5, 2007
12                                  2:30 o'clock p.m.
    - - - - - - - - - - - - - - - X
13
    TRANSCRIPT OF STATUS CONFERENCE
14  BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
    UNITED STATES DISTRICT JUDGE
15
    UNITED STATES ATTORNEYS OFFICE
16  JOHN BURETTA
    AMY BUSA
17  Assistant United States Attorneys
    271 Cadman Plaza East
18  Brooklyn, New York 11201

19  ATTORNEY FOR DEFENDANT:
    EPHRAIM SAVITT, ESQ.
20  STEPHANIE CARVLIN, ESQ.
    For: Basciano
21
    DAVID SCHOEN, ESQ.
22  JOHN MITCHELL, ESQ.
    For: Mancuso
23

24

25
```

*MARSHA DIAMOND, CSR*
*OFFICIAL COURT REPORTER*

2

1  RICHARD REEVE, ESQ.
   MICHAEL SHEEHAN, ESQ.
2  For:  Indelicato

3  MAURICE SERCARZ, ESQ.
   MITCHELL DINNERSTEIN, ESQ.
4  For: Donato

5  LEE GINSBERG, ESQ.
   For:  Aiello
6
   OLIVER STORCH, ESQ.
7  For: Masi

8          THE CLERK:  United States versus Basciano, et al.

9          Who is appearing for Vincent Basciano?

10         MR. SAVITT:  Ephraim Savitt, and Stephanie Carvlin,

11 for Vincent Basciano.

12         MR. SCHOEN:  For Michael Mancuso, David Schoen, and

13 John Mitchell.

14         MR. REEVE: For Anthony Indelicato, Richard Reeve,

15 Michael Sheehan.

16         MR. SERCARZ: Maurice Sercarz, and Mitchell

17 Dinnerstein, for Anthony Donato.

18         MR. GINSBERG: Lee Ginsberg, for Anthony Aiello.

19         MR. STORCH: Oliver Storch, for Vincenzo Masi.

20         (Defendants now present in the courtroom)

21         MR. BURETTA:  You no doubt received the government's

22 letter advising the Attorney General's decision on the death

23 penalty.  The government intends to within about the next two

24 to two and a half weeks as to defendant Basciano file its

25 notice of intent and supersede with special findings as a part

1  of what will be a superseding indictment that will address the
2  death penalty gateway findings, aggravating factors, both
3  statutory and non-statutory.  It probably makes sense to set a
4  motion schedule working out from that point.
5            I assume as to Defendant Basciano there are various
6  constitutional and other motions he will want to make
7  regarding the death penalty, and as to the non-death penalty
8  defendants my assumption would be that they will move for --
9  certainly not an easy decision in our view in light of some
10 recent case law, including Judge Glasser's decisions recently
11 in the United States versus Dwayne Stone matter, a similar
12 case where defendants were charged with the same murders, one
13 defendant death eligible, and a number of other defendants
14 decided not death eligible, Judge Glasser denying the
15 severance issue motion in that case.
16           THE COURT:  How many defendants were there?
17           MR. BURETTA:  More than five in that case.
18           MR. SERCARZ:  We agree the case is readily
19 distinguishable and we will be happy to brief it for you.
20           THE COURT:  You will get your opportunity.
21           MR. SAVITT:  Yes.
22           THE COURT:  Mr. Savitt, is it your intention
23 regarding motion practice -- I take it, I could take all the
24 motions on the same day?  You will have a group of motions?
25           MR. SAVITT:  Yes, Your Honor, we will. I was

4

1  wondering whether or not it makes sense to set the motion
2  schedule when we have the arraignment on the newest
3  superseding indictment, and to, perhaps, instead of looking
4  prospectively from that date there, as a practical matter, I
5  don't know if Your Honor wishes to set some sort of a trial
6  date today and maybe we can work our way back from that trial
7  date and the reason --
8          THE COURT:  How would I know unless I've decided the
9  severance issue.  I could set a trial date as to who goes to
10 trial on that day.
11         MR. SAVITT:  Yes, Your Honor.  That's what I would
12 imagine would happen.
13         THE COURT:  But I have five defendants who are not
14 subject to the death penalty now, and I'm sure they would like
15 to have as early a trial as possible, so I don't know.  Do you
16 want to talk a minute about how much time you need to brief
17 the severance motion?
18         MR. SERCARZ:  That is what I want to do.
19         THE COURT: Mr. Ginsberg.
20         MR. GINSBERG: Yes. Would it be Your Honor's pleasure
21 that we brief the severance issue, let Your Honor decide that
22 before anybody starts filing any other motion because even the
23 non-death eligible defendants also have other motions to file
24 and we can do it that way?
25         THE COURT:  Sure. Well, there are motions which are

1  specific to Mr. Basciano, which can be filed soon.
2          MR. SAVITT:  Yes.
3          THE COURT:  Having nothing to do with the severance
4  issue?  Are you going to take a position on severance?
5          MR. SAVITT:  No.
6          THE COURT:  You probably won't?
7          MR. SAVITT:  No, Your Honor.
8          THE COURT: So the severance motion or motions
9  concerning the constitutionality of the death penalty statute,
10 etcetera, etcetera, those can be made early on, so that we
11 dispose of them -- dispose of them promptly, and at that point
12 we can move on to the questions of the other motions that
13 you'll make in due course having to do with whatever before we
14 try the case.
15         MR. GINSBERG:  Fine.
16         THE COURT:  So why don't we handle it that way.  We
17 will set a motion schedule on severance and on the
18 constitutional motions for Mr. Basciano, and then we will take
19 arguments after that, and I think we can sort of play out how
20 long it will take because for those who are going to be trying
21 this case it would be useful to know when they need to block
22 out some time. Of course, if severance is denied, we will have
23 to block out a heck of lot more time than if severance is
24 granted because based on my experience, unfortunately, jury
25 selection might take longer than a non-death case all

1  together. So there may be other motions on juries and who
2  knows what you are going to file. I'm sure you will use your
3  ingenuity.  So why don't we set a motion schedule. How much
4  time would you like on severance?
5          MR. SERCARZ:  Would the Court consider giving us a
6  month for the severance motion and I guess --
7          MR. SAVITT:  Two months?
8          THE COURT: Let me give you a month on the severance,
9  so we can dispose of it. All right. May 11th, motion;
10 June 8th, for the response.
11         MR. BURETTA:  Thank you, Judge.
12         THE COURT:  June 15th for any reply; and June 22nd
13 at 11 a.m. for oral argument.
14         MR. SAVITT:  This is on the severance motion?
15         THE COURT:  Severance. Do you want two months on the
16 other one?
17         MR. SAVITT:  Yes, Your Honor.
18         THE COURT: June 8th for Mr. Basciano's motions; the
19 government has until July 13th to respond; July 20th for any
20 reply; and July 27th at 10:00 a.m. for oral argument.
21         Okay. Do you have any other business?
22         MR. BURETTA:  Two other matters, Judge.  With
23 respect to some separations that had been in effect as to
24 other defendants in the 05-CR-06 case, the government has
25 requested that the Marshal lift the separations between the

1 non-death eligible defendants.
2           THE COURT:  Among the non-death eligible defendants?
3           MR. BURETTA:  Correct.
4           THE COURT:  But still, Mr. Basciano is still
5 separated.
6           MR. BURETTA:  So he will be separated.
7           THE COURT:  So he is not part of that picture.
8           MR. SERCARZ:  I understand from conferring with the
9 defendants we may need a court order in order to effect that.
10 If we submit one we will get a signed order to that effect
11 that we can serve on the MDC.  Apparently the separations have
12 not been lifted as yet, and the defendants were told that a
13 court order would be required.
14           MR. BURETTA:  No.
15           THE COURT: They have inside counsel.
16           MR. SERCARZ:  They have contact with the marshals
17 when they are being brought over here.
18           THE COURT: This is a wonderful world. I have already
19 appointed all these lawyers and they are consulting inside
20 counsel as opposed to outside counsel.
21           MR. BURETTA:  We just spoke with the marshals a few
22 days ago, so it probably takes a few days to run its course.
23           THE COURT:  If it hasn't been done within a week
24 send me an order.
25           MR. SERCARZ:  Thank you, Your Honor.

1   THE COURT:  Would you check with the MDC and let's
2 make sure it gets done.
3   MR. BURETTA:  I will.
4   Judge, we have received some more letters on the
5 issue of speaking to the press and the current date for us to
6 respond is April 9th.  We will request until April 16th, an
7 additional week, so we can provide a thoughtful response.
8   THE COURT:  Without objection, so ordered.
9   The next step as to all the learned counsel who have
10 served so diligently for the defendants who have not been
11 certified by the Attorney General, it's time to relieve them.
12 So consider yourselves relieved, with the thanks of the Court.
13 Where is Mr. Kousouros?
14   MR. SAVITT:  Mr. Kousouros is -
15   THE COURT:  Is he in the Greek islands celebrating
16 the holy week?
17   MR. SAVITT:  He is on trial before Judge Owen and I
18 neglected to advise Your Honor when I introduced myself
19 earlier that he conveyed his regrets that he has to sum up in
20 another case today.
21   THE COURT: Okay. Mr. Basciano has been approved for
22 the death penalty.  We will have to arrange our meetings in
23 such a way that he can be with us. That is, Mr. Kousouros.
24 Mr. Basciano will be with us, but Mr. Kousouros should be with
25 us, too.

1    MR. SAVITT:  Of course. Understood, Your Honor.
2    THE COURT:  I have an application here for a
3    transcript.  Mr. Savitt, why are you submitting that, as
4    Mr. Basciano has retained counsel?
5    MR. SAVITT:  Oh, that was in connection with the
6    government's motion with respect to any comments to the press.
7    There's some colloquy of both those proceedings, one of which
8    I did not attend, the other of which I did attend.  I think
9    the second one was the day following the presentation to the
10   Department of Justice.  So there are --
11   THE COURT:  You mean you need these transcripts to
12   fulfill your duties as learned counsel; is that it?
13   MR. SAVITT:  That is correct, Your Honor.
14   THE COURT:  Otherwise, he doesn't qualify.
15   MR. SAVITT:  I understand that, Your Honor.
16   THE COURT:  It is approved.
17   MR. SAVITT:  Thank you, Your Honor.
18   THE COURT:  Anything else from the government?
19   MR. BURETTA:  No, Your Honor.
20   THE COURT:  And those of you who are here without
21   primary counsel.
22   MR. GINSBERG: Mr. Aiello.  Ms. Kellman is on
23   vacation.  She is out of the city.
24   THE COURT: I think everyone else has except  --
25   MR. SAVITT:  Mr. Basciano.

1      THE COURT: That's fine.
2      Well, let me just thank everyone for coming in on
3  short notice.  I wanted to get these motions immediately so
4  that we can resolve some of these issues before trial.
5      Oh, trial dates. Assuming there is one trial, just
6  for the sake of scheduling it at this point, what is the
7  earliest that counsel will be available, and of course,
8  Ms. Kellman is not here to tell me, so let me get a sense of
9  at what point, assuming that we have motion practice in the
10 summer and then some additional trial preparation, what's the
11 government's sense of when it will be ready to go to trial?
12     MR. BURETTA:  We defer to defense counsel on their
13 schedules. Obviously, the government will be handling the
14 trial as to Mr. Basciano through the end of July.  We'd like
15 time to prepare after that.
16     THE COURT:  You mean retrial?
17     MR. BURETTA:  Correct.
18     We would like several months to prepare if we are
19 moving forward right away with the second case, since it is
20 staffed by substantially the same attorneys from our side.
21     THE COURT:  My availability is -- before I get to
22 defense counsel's -- is predicated where I am with the jury, a
23 death penalty jury trial which is -- now we are going to start
24 picking a jury late in October, but some other judge may take
25 that over. Some other judge might take this over. We haven't

1   really worked that out at this point.

2               Assuming that I'm available, at what point will
3   defense counsel be ready to go to trial?  What's the earliest?

4               MR. SAVITT : Well, Your Honor, we are obviously in a
5   different posture than the others because we have more of a
6   certainty, unfortunately, in our trial schedule in the future.
7   I would suggest for Mr. Basciano that March of 2008 would be
8   the appropriate earliest date, given the amount of work that
9   is necessary; not only with respect to the motions but to the
10  increased investigation and all the other matters that
11  confront us in a capital prosecution, and that's the earliest
12  date that we would suggest.

13              THE COURT:  And as to the non-death defendants, do
14  we have a sense yet -- would you like to confer and get back
15  to the Court as to what the possible earliest date would be?
16  You don't have to tell me now.  I think you need to talk to
17  Ms. Kellman anyway about it.  I just think you ought to think
18  about -- assuming that you will try it together, which you
19  probably will be. We know what Mr. Basciano's earliest date
20  is.  Let's find out what everybody's else's earliest date is
21  as well.

22              MR. SERCARZ:  May we send you a letter?

23              THE COURT: That would be fine.

24              Now, as Mr. Basciano does not have CJA counsel as
25  his primary counsel, I don't think we need to have a budget

1   meeting as to Mr. Basciano since he's handling his own
2   financial needs for counsel; isn't that right?
3           MR. SAVITT:  I'd like to think about that,
4   Your Honor.
5           THE COURT: I'll think about it too.
6           MR. SAVITT:  I understand Your Honor's point.  There
7   is a question of experts that we may need with respect to a
8   potential penalty phase.
9           THE COURT: So think about it and I can schedule a
10  budget meeting in the next few weeks if we need to have a
11  budget meeting. You may be right that there are certain costs
12  associated with Mr. Basciano's defense as to the possible
13  death penalty itself as opposed to guilt or non-guilt, and so,
14  I am required as we -- for everybody prior to this point hold
15  budget meetings and approved budget and send them on to the
16  Second Circuit; and now, as you know, Mr. Tritz is assisting
17  in the Second Circuit on a full time basis to oversee these
18  costs, and you definitely know and the others may not know,
19  the last death penalty trial I presided over, the other costs
20  of that to the taxpayers for the defense was over one point
21  two million dollars, one defendant case.
22          All right. Anything else from anyone?
23          MR. BURETTA:  We just request exclusion of time
24  through June 22nd.  It is a complex case.  I assume motions
25  are deemed to be made at this point as well.

```
                                                                  13
1              THE COURT:  Any objection?
2              MR. SAVITT:  No, Your Honor.
3              THE COURT:  All right. This is a complex case.  It
4    continues to be a complex case.  Time is excluded under the
5    speedy trial act in view of that designations and for motion
6    practice until the motions are decided, and we will see you
7    all in accordance with the schedule that we've set.
8              Thank you, very much.
9              MR. BURETTA:  Thank you.
10             MR. SAVITT:  Thank you.
11             (Proceedings concluded as above set forth)
```